UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN P. MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1080 CDP |
| | ) | |
| U.S. BANKRUPTCY COURT, EIGHTH | ) | |
| CIRCUIT, EASTERN DISTRICT | ) | |
| CASE NO. 15-43390-659, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Kevin Miller petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He also seeks in forma pauperis status, which will be granted. Additionally, the Court will dismiss this action for lack of subject matter jurisdiction.

The United States Bankruptcy Court for the Eastern District of Missouri denied his motion for leave to proceed in forma pauperis and dismissed his application for Chapter 11 bankruptcy. *In re Archay Financial Corp.*, No. 15-43390-659 (Bankr. E.D. Mo.). He seeks an order directing the Bankruptcy Court to grant his in forma pauperis motion, or in the alternative, to grant his motion for a change of venue.

This is the second time petitioner has filed a § 2241 petition seeking relief from the Bankruptcy Court's order. *Miller v. U.S. Bankruptcy Court, Eight Circuit, Eastern District, Case No. 15-43390-659*, 4:15CV914 CDP (E.D. Mo.). The Court dismissed the previous action for lack of subject matter jurisdiction. This case is virtually identical to the previous one.

Title 28 U.S.C. § 2241 provides relief for persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner is not "in custody," and therefore, he is not entitled to relief under § 2241.

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a). Appeals to district courts are taken in the same manner as appeals from the district courts to courts of appeals under 28 U.S.C. § 1291. 28 U.S.C. § 158(c)(2). Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a party seeking to appeal must file a notice of appeal with the clerk of the bankruptcy court within fourteen days of the date of the entry of the judgment or order from which the party is appealing. Under 28 U.S.C. § 158(c)(2) and the Federal Rules of Bankruptcy Procedure, an untimely notice of appeal deprives the district court of jurisdiction over the appeal. *E.g.*, *In re Kingsley Capital, Inc.*, 423 B.R. 344, 348 (B.A.P. 10th Cir.). In this case, the Bankruptcy Court issued its decision on May 5, 2015, but petitioner did not file a notice of appeal. Therefore, even if petitioner were to have characterized this action as a bankruptcy appeal, the Court would lack jurisdiction to hear it.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss a civil action if it lacks subject matter jurisdiction. Petitioner's allegations do not give rise to jurisdiction in this Court. And the Court cannot envision any amendment to the petition that would give rise to subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this  17th   day of July, 2015.

                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE